IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-375-H-2

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| JAMES DAVID DIXON, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Federal Bureau of Investigation. Defendant presented the testimony of one the proposed third-party custodians, his grandmother, and the probation officer who prepared the pretrial services report. The other proposed third-party custodian, defendant's sister, was absent due to work obligations and therefore did not testify. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

### Background

Defendant was charged in each count of a three-count indictment on 28 November 2012 with: conspiracy to commit robbery on Fort Bragg on or about 10 January 2012 in violation of 18 U.S.C. § 371 (ct. 1); robbery on Fort Bragg, and aiding and abetting the same, on 11 January

2012 in violation of 18 U.S.C. §§ 2111 and 2 (ct. 2); and kidnapping on Fort Bragg, and aiding and abetting the same, on or about 11 January 2012 in violation of 18 U.S.C. §§ 1201 and 2 (ct. 3).

The evidence presented at the hearing showed that co-conspirator Teyah Shynikia English ("English"), who has pled guilty in this court to conspiracy to commit the robbery in issue (*see* case no. 5:12-CR-224-H-1, D.E. 24 ¶ 2.a), and defendant agreed on 10 January 2012 to commit the subject robbery. In the early morning of 11 January 2012, English went to the residence of the victim, a friend of hers who was asleep, and lured him to an awaiting, borrowed car on the ruse that she needed him to go to an ATM machine to obtain gas money for her. After returning to the car with the victim, defendant and the co-defendant entered the back seat. The co-defendant, who was seated behind the victim, held a metal object to the victim's head and demanded his wallet. English was driving to an ATM machine, but she wrecked the car and the victim escaped. English later identified defendant as the robber who sat behind her (not the one who held the metal object to the victim's head) and described their agreement to commit the robbery. The victim also identified defendant as one of the robbers. Although defendant committed the alleged offenses on Fort Bragg, he has no known connection to the military.

On some later date, after defendant learned English was cooperating with police, she encountered him in a store. Defendant told her that he would "clap" her if she caused him problems. English understood defendant's statement to be a threat that he would shoot her.

Prior to the instant offenses, in February 2011, defendant was charged with felonious breaking and entering, larceny after breaking and entering, possession of stolen goods, carrying a concealed gun, and resisting a public officer. He was placed on deferred prosecution for these

2

charges and supervision began after the instant offenses. Defendant does not otherwise have a criminal record.

Defendant, who is 20 years old, admitted to a marijuana habit. He smokes half a blunt a day.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the violent and seemingly erratic nature of the offenses charged; the circumstances of the offenses charged, including the brazenness of their perpetration on a military base and defendant's threat to harm English in retaliation for her cooperation with police; defendant's criminal record, which, while not resulting in any convictions, did merit deferred prosecution and involved the alleged carrying of a concealed gun; the danger of further, erratic offense conduct by defendant if released; defendant's marijuana habit, which puts him in contact with persons violating the law and degrades his judgment during use; the unsuitability of the proposed third-party custodial arrangements due to the extent of the risk of danger presented by defendant and, in the case of defendant's sister, her regular absence from the home for work and her not having testified (thereby depriving the court of the opportunity to determine firsthand her suitability and the government of the opportunity to cross-examine her); and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's lack of a more serious criminal record and his current employment. It finds, however, that the factors favoring detention outweigh such evidence. Particularly in light of the erratic nature of defendant's alleged offenses, their violent nature, defendant's youth, and the presumption of detention, the court cannot fashion conditions that would reasonably assure the safety of any other person and the community if defendant were released.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 18th day of December 2012.

James E. Gates
United States Magistrate Judge

4

Case 5:12-cr-00375-H   Document 18   Filed 12/19/12   Page 4 of 4