IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-375-H-2

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **AMENDMENT TO ORDER OF** |
| | ) | **DETENTION PENDING TRIAL** |
| JAMES DAVID DIXON, | ) | |
| | ) | |
| Defendant. | ) | |

The court has *sua sponte* determined that the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) is inapplicable to defendant (notwithstanding the absence of any objection to its applicability by either party at the detention hearing as to defendant) and reconsidered the Order of Detention Pending Trial ("Detention Order") (D.E. 18) entered against defendant on 19 December 2012 in light of that determination.[1] Based on the findings and reasons other than the presumption stated in the Detention Order and in open court at the associated detention hearing, the court continues to find by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The Detention Order shall therefore remain in full force and effect.

This, the 4th day of January 2013.

James E. Gates
United States Magistrate Judge

---

[1] At the detention hearing against the co-defendant in this case (*see* D.E. 27, 28), the government ultimately abandoned its initial position that the offenses alleged in the indictment, all of which are charged against both the defendants, give rise to the presumption under 18 U.S.C. § 3142(e)(3). *See* Indict. (D.E. 1) (charging conspiracy to commit robbery in violation of 18 U.S.C. § 371 (ct. 1), robbery in violation of 18 U.S.C. §§ 2111 and 2 (ct. 2), and kidnapping (not involving a minor) in violation of 18 U.S.C. §§ 1201 and 2 (ct. 3)).